DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THE BANK OF NOVA SCOTIA,  )<br>  )<br>                Plaintiff,  )<br>v.  )<br>  )<br>NAJI ABDALLAH a/k/a NAJI A. ABDALLAH  )<br>a/k/a NAJEH ABDALLAH, ISSA ABDALLAH  )<br>a/k/a ISSA A. ABDALLAH,  )<br>DEPARTMENT OF TREASURY-INTERNAL  )<br>REVENUE SERVICE,  )<br>VALERIE SHEPPARD HANKINS AND  )<br>ALFRED F. HANKINS, JR.,  )<br>  )<br>                Defendants,  )<br>  )<br>VALERIE SHEPPARD HANKINS and  )<br>ALFRED HANKINS,  )<br>  )<br>                Cross-Claimants,  )<br>  )<br>v.  )<br>  )<br>NAJI ABDALLAH a/k/a NAJI A. ABDALLAH,  )<br>  )<br>                Defendant.  )<br>_____) | Civil Action No. 2010-102 |

**Attorneys:**
**Matthew J. Duensing, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff Bank of Nova Scotia*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Internal Revenue Service*

**Lydia L. Moolenaar, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants and Cross-Claimants*
    *Valerie Sheppard Hankins and Alfred Hankins*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Bank of Nova Scotia's Motion for Default and Summary Judgment, which was filed on June 4, 2011. (Dkt. No. 39). By this Motion, Bank of Nova Scotia seeks default judgment against Defendants Naji Abdallah and Issa Abdallah ("the Abdallahs"), and summary judgment against the Internal Revenue Service ("the IRS"), and Valerie and Alfred Hankins ("the Hankins"). For the reasons discussed below, the Court will grant the Motion for Summary Judgment against the IRS and the Hankins, and deny, without prejudice, the Motion for Default Judgment against the Abdallahs.

## I.   BACKGROUND

On November 2, 2010, Bank of Nova Scotia filed a Complaint against the Abdallahs, the IRS, the Hankins, Peabody Place Centre GRP, and Pivar Real Estate,[1] alleging that the Abdallahs breached a September 2, 1993 Mortgage Note and Mortgage regarding property ("the Property") described as:

> Plot 24 of Parcel 3 Estate Orange Grove
> Company Quarter
> St. Croix, Virgin Islands
> Consisting of 0.296 U.S. Acre, more or less,
> As more fully shown and described on Public Works
> Department Drawing No. 1178 dated January, 1962

(Complaint, Dkt. No. 1). The Complaint alleges that Defendant Naji Abdallah signed the Mortgage Note and that both Issa and Naji Abdallah signed the Mortgage. *Id.* at ¶¶ 9-11; *see*

---

[1] The Bank of Nova Scotia voluntarily dismissed Peabody Place Centre GRP and Pivar Real Estate on September 27, 2011, and October 27, 2011, respectively. (*See* Dkt. Nos. 48 and 49).

*also* Dkt. Nos. 41-2 & 41-3.  The Complaint further alleges that Naji Abdallah failed to pay on the Mortgage Note and that the Abdallahs are therefore in default of the Mortgage.  *Id*. at ¶ 12. Bank of Nova Scotia seeks foreclosure of the Property and damages from the Abdallahs.  *Id*. at ¶¶ 13-14.  The Bank named the other Defendants as junior lien holders in the Property.  *Id*. at 4. All Defendants have been served with the Complaint.  (*See* Returns of Service, Dkt. Nos. 13-20, 27).  The Abdallahs have not answered the Complaint or otherwise appeared in this action.

On April 14, 2011, Bank of Nova Scotia filed a Motion for Entry of Default against the Abdallahs.  (Dkt. No. 30).  The Clerk of the Court entered default against the Abdallahs on the same day.  (Dkt. No. 35).

On June 14, 2011, Bank of Nova Scotia filed the instant Motion for Default and Summary Judgment. (Dkt. Nos. 39 & 40).  In this Motion, Bank of Nova Scotia asks for a default judgment for debt and foreclosure against Naji Abdallah for the entire amount due under the Note and Mortgage, plus expenses, interest, and attorney's fees; default judgment for foreclosure against Issa Abdallah; and summary judgment against the IRS and the Hankins, establishing the priority of liens over the Property.  (Dkt. No. 40 at 5).  Nearly three months later, on September 13, 2011, the Hankins filed an Opposition to the Motion, asserting that there was a genuine issue of material fact regarding the priority of the liens over the Property.  (Dkt. No. 46 at 3).  However, on November 18, 2011, Bank of Nova Scotia, the IRS, and the Hankins filed a "Stipulation as to the First Priority Status of the Mortgage of Bank of Nova Scotia and the Relative Priority of the Junior Lien Defendants," wherein they stipulated that, regarding the Property, Bank of Nova Scotia has a first priority lien, the IRS has a second priority lien, and the Hankins have a third priority lien.  (Dkt. No. 55).

## II. APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act." *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *Int'l Union of Painters and Allied Trades Dist. Council 711 Health and Welfare, Vacation and Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009); *Turk v. Invacare Corp.*, 2010 WL 4740196, at *3 (W.D. Pa. Nov. 16, 2010). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III.  ANALYSIS

#### A.  Summary Judgment Against the IRS and the Hankins

Bank of Nova Scotia moves for summary judgment on the issue of the priority of its alleged lien on the Property over those claimed by the IRS and the Hankins.  As noted above, Bank of Nova Scotia, the IRS, and the Hankins have stipulated that the Bank of Nova Scotia's lien on the Property is senior to those of the IRS and the Hankins.  (Dkt. No. 55).  This provides a sufficient factual basis upon which to award Bank of Nova Scotia summary judgment as to its claim of the priority of its alleged lien on the Property over the liens claimed by the IRS and the Hankins.  *See Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc) ("Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.").

#### B.  Default Judgment Against the Abdallahs

Bank of Nova Scotia must satisfy all of the requirements necessary to obtain a default judgment.  In that regard, it has properly shown that: 1) default was entered against the Abdallahs by the Clerk of the Court (Dkt. No. 35); 2) the Abdallahs have not appeared; 3) the Abdallahs are neither infants nor incompetent (Dkt. No. 58-1 at 2); 4) the Abdallahs were validly served with process (Dkt. Nos. 17-18); and 5) the Abdallahs are not in the military (Dkt. No. 57).

Regarding the amount of damages and how they were calculated, however, the Court finds that Bank of Nova Scotia's submission is deficient.  In its Complaint, Bank of Nova Scotia alleges that $78,597.55 represents "the entire unpaid principal sum with all accrued interest and

5

late charges due and payable" as of October 21, 2010, and that interest accrues "at the rate of $12.55 per diem until the date of judgment." (Compl. at ¶ 13). The Complaint further alleges that "the Bank may be required to pay real property taxes, insurance premiums or other similar charges with respect to the Mortgaged Premises, which pursuant to the Mortgage become part of the principal amount of the indebtedness and for which the Bank is entitled to be reimbursed from Naji Abdallah." *Id.* at ¶ 14.

In its Statement of Undisputed Material Facts In Support of its Motion for Default and Summary Judgment, Bank of Nova Scotia states that, as of May 23, 2011, "[t]he entire unpaid principal sum with all accrued interest and late charges due and payable is . . . $96,838.45 . . . comprised of $77,990.89 in principal, $17,869.44 in interest, and $978.12 in late fees with interest continuing to accrue thereafter at the rate of $14.65 per diem." (Dkt. No. 41 at ¶ 10). In support of this damages claim, the Bank cites to the Affidavit of Daniel Rogers. (Dkt. No. 41-4). However, that Affidavit states that "Defendant Naji Abdallah . . . is indebted to the Bank in the total amount of $83,119.76 as of May 27, 2011, comprised of $77,990.89 in principal, $4,150.75 in interest, and $978.12 in late fees, with interest continuing to accrue thereafter at the rate of $11.25 per diem. (Dkt. No. 41-4 at ¶ 6) (emphasis in original). With the exception of the principal and late fees, the figures in the Rogers Affidavit are plainly inconsistent with Paragraph 10 of the Statement of Undisputed Facts. Notably, there is a $13,718.69 difference between the total amount sought in the Statement of Undisputed Facts and its supporting Affidavit. Further, no explanation of the differing damages calculations are offered in either the Statement of Undisputed Facts or the Rogers Affidavit. Moreover, the damage calculations in the Statement of Undisputed Facts and the Rogers Affidavit also appear to be inconsistent with Paragraph 13 of

the Complaint. Each of these three damage calculations contains a vastly different total amount due and *per diem* interest rate.

The inconsistencies do not end there. On December 5, 2011, Bank of Nova Scotia filed the "Supplemental Affidavit of Hugh Brown," which states that, as of December 5, 2011, "Defendant Naji Abdallah is indebted to the Bank in the total amount of $111,435.89 . . . comprised of $77,990.89 in principal, $6,039.61 in interest, *$25,599.65 in add-on charge, $827.62 in add-on interest,* and $978.12 in late fees, with interest continuing to accrue thereafter at the rate of *$16.54 per diem*." (Dkt. No. 58-1 at ¶ 6) (emphasis added). Mr. Brown does not explain what the $25,599.65 in "add-on charge" and $827.62 in "add-on interest" are; why the Bank is entitled to those "add-on" charges; and why the *per diem* interest rate is different yet again from each of the three different prior *per diem* rates. Finally, Bank of Nova Scotia should explain how the claimed interest amounts correspond with the alleged principal ($77,990.89), and the *four* different *per diem* interest rates. In short, Bank of Nova Scotia's damage calculations are confusing, inconsistent, and unsupported by record evidence. Thus, Bank of Nova Scotia has failed to adequately support its damages request.

Further, Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).[2] Here, Bank of Nova Scotia's Motion for Default Judgment and supporting affidavits

---

2  Wright and Miller explain:
   The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant

appear to contravene this established principle by seeking, without explanation, significantly more damages than stated in the Complaint, including additional charges, fees and higher interest rates.[3]

In view of the foregoing, the Court will deny the Motion for Default Judgment without prejudice and will allow Bank of Nova Scotia to amend its Complaint and/or refile the motion with additional evidence addressing the damages issues discussed above.[4] *See Swanson v. Holder,* 2011 WL 3794939, at *1 (S.D. Cal. Aug. 26, 2011) ("Because Plaintiffs have failed to provide any legal support for their motion or evidence in support of their claim for monetary damages, the Court denies without prejudice Plaintiff's motion."); *Blythe v. Marauder Corp.,* 2010 WL 3609789, at *2 (D.N.J. Sept. 16, 2010) (denying motion for default judgment without prejudice in part because "the motion for default judgment fails to adequately detail the basis for the calculation of the damages sought."); *Ciasulli v. Hartmann*, 2009 WL 150668, at *1 (D.N.J.

---

    attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.

10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2663 (3d. ed. 2011); *see also Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) ("By limiting damages to what is specified in the "demand for judgment," the rule ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer.").

[3]     It is possible that some or all of these new fees and charges are "real property taxes, insurance premiums or other similar charges with respect to the Mortgaged Premises" that were asked for in Paragraph 14 of the Complaint. However, this is not apparent from, or explained in, Bank of Nova Scotia's submissions, and the Court will not base a default judgment on such speculation.

[4]     Of course, if Bank of Nova Scotia amends its Complaint, it will need to serve the Amended Complaint on the Abdallahs and comply with the procedures for obtaining a default judgment, if such judgment is appropriate after the Amended Complaint has been served. *See* Fed. R. Civ. P. 55.

Jan. 21, 2009) (denying motion for default judgment without prejudice because plaintiff failed to provide factual and legal support for its claim for damages); *Lincoln Harbor Enterprises, LLC, v. M.Y. Diplomat*, 2008 WL 5046787, at *6 (D.N.J. Nov. 21, 2008) (denying motion for default judgment without prejudice because plaintiff sought more damages than pleaded in complaint, but allowing plaintiff to amend complaint). Future submissions by Bank of Nova Scotia should describe, with particularity, the specific damages sought, the manner in which such damages are calculated, and the legal and factual grounds for those damages, and should include supporting evidence. *See U.S. Small Bus. Admin. as Receiver for Penny Lane Partners, L.P. v. Elghanian*, 2008 WL 5427951, at *5 (D.N.J. Dec. 8, 2008) ("As the Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine the damages in a sum certain.").

## IV.   CONCLUSION

Bank of Nova Scotia has demonstrated that it is entitled to summary judgment against the IRS and the Hankins regarding the priority of its alleged lien on the Property. However, Bank of Nova Scotia has failed to adequately support the damages requested in its Motion for Default Judgment. Accordingly, the Motion for Summary Judgment is granted and Bank of Nova Scotia is awarded judgment against the IRS and the Hankins regarding the seniority of its lien on the Property. The Motion for Default Judgment is denied without prejudice. An appropriate Order accompanies this Memorandum Opinion.

Date: March 30, 2012                                         _____/s/_____
                                                             WILMA A. LEWIS
                                                             District Judge